IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVONTAY JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv147 |
| UNKNOWN PRISON STAFF | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Davonta Johnson, an inmate at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

Plaintiff claims he is being denied due process and access to the courts because prison officials at the Estelle Unit have placed a hold on his inmate trust account. As a result, plaintiff contends he is not allowed to obtain copies of certain documents to which he claims he is entitled and which he deems essential to initiate a lawsuit concerning an assault and the alleged denial of medical treatment which occurred while he was confined at the Stiles Unit.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

Plaintiff does not assert jurisdiction is based on diversity of citizenship. When jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff is confined at the Estelle Unit located in Huntsville, Texas. Further, the prison defendants are employed at the Estelle Unit located in Huntsville, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Walker County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). In accordance with 28 U.S.C. § 124, Walker County is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, Houston Division.

As Walker County is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the United States District Court for the Southern District of Texas, Houston Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 25th day of May, 2021.

_____
Zack Hawthorn
United States Magistrate Judge